UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL DOCKET NO._____

JOSEPH PETER SCHMITT  Pro se.
PLAINTIFF,

-vs-   **05-11603 NG**

ROBERT D. CLAUSS,  *Referred to MJ Leo T Sorokin*
DAVID LEONARD,
MARK DARE,
STEVEN FAIRLY
ROBERT MURPHY,
ROBERT J. WAITKEVICH,
KATHLEEN M. DENNEHY,
TIMOTHY HALL,

## COMPLAINT

### Introduction

This is an action for Damages pursuant to 42 USCA §1983 and for Declaratory Judgment pursuant to 28 USCA §220. Plaintiff is seeking relief against the defendants for the violation of his Due Process Rights. This action involves the confiscation of personal property. Plaintiff also challenges the constitutionality of the rules/regulations/guidelines which the defendants base their alleged authority upon to confiscate said property and deprive plaintiff of his Due Process Rights.

### LITIGANTS

1. Plaintiff, Joseph Peter Schmitt, is a temporary civil detainee presently detained at the Treatment Center in Bridgewater. He is proceeding with this action as a pro se litigant.

2. Defendant, Robert D. Clauss, is an IPS Officer at the Treatment Center. He is sued in both his official and individual capacities.

3. Defendant, David Leonard, is an IPS Officer at the Treatment Center. He is sued in both his official and individual capacities.

4. Defendant, Mark Dare, is a correctional officer at the Treatment

Center. He is sued in both his official and individual capacities.

5. Defendant, Steven Fairly is the director of security at the Treatment Center. He is sued in both his official and individual capacities.

6. Defendant, Robert Murphy, is the Superintendent at the Treatment Center. He is sued in both his official and individual capacities.

7. Defendant, Robert J. Waitkevich, is the Deputy Superintendent of Operations at the TReatment Center. He is sued in both his official and individual capacities.

8. Defendant, Kathleen M. Dennehy, is the Commissioner of the Massachusetts Department of Correction. She is sued in both her official and individual capacities.

9. Defendant, Timothy Hall, is the Assistant Deputy Commissioner of the Bridgewater Complex for the Massachusetts Department of Correction. He is sued in both his official and individual capacities.

## FACTS OF COMPLAINT

10. On Tuesday May 17,2005 Plaintiff was unwillingly brought to the Treatment Center's Segregation Unit, "MPU", pending investigation after meeting with Defendant Robert D. Clauss and non-defendant Michael Kradolfer.

11. On May 21,2005 Plaintiff received a notice from defendant Clauss informing him that numerous items of personal property was confiscated and being held pending an investigation. See exhibit "A" attached.

12. On May 25,2005 Plaintiff was released from the MPU and returned to his housing unit "D-2" cell #20. Plaintiff received his personal property which he was unable to possess while in the MPU from the Property Department.

13. During the process of reorganizing his property in his cell he discovered that his personal address book, a family photo, and tax form (1040) and a 1099 form made out in his name was confiscated and not within his property. He believes there is much more missing but is unable to list these personal property items.

14. On May 25,2005 or May 26,2005 plaintiff approached defendant Steven Fairly in the facility's hallway and asked if he was entitled to a listing of the personal property confiscated by defendant Robert D. Clauss. Defendant Fairly informed this plaintiff that he was in fact entitled to such a listing and further stated that he would speak to defendant Clauss about the matter.

15. Upon receiving no listing by 4:00 PM on May 27,2005 plaintiff authored a letter to defendant Robert Murphy regarding the confiscated property and request for a listing of said items confiscated. See exhibit "B" attached.

16. On May 30,2005 I authored and mailed a letter to defendant Fairly regarding my confiscated 2004 1099 Form and 2004 1040 Tax Form. See exhibit "C" attached. Defendand Fairly has failed to respond to this letter.

17. On June 4, 2005 Plaintiff received a letter from defendant Waitkevich in response to plaintiff's May 27,2005 letter to defendant Murphy. See exhibibit "D" attached.

18. On June 4,2005 Plaintiff authored a letter to defendant Murphy regarding the letter he received from defendant Waitkevich. See exhibit "E" attached.

19. On June 9,2005 Plaintiff received a letter from defendant Murphy in direct response to his letter dated June 4,2005. See exhibit "F".

20. On or about May 31,2005 Plaintiff submitted a detailed letter giving facts of a Federal Income Tax scam being investigated in this facility. This letter was mailed to defendant Fairly. See exhibit "G" attached. It must be noted that the various names with associated social security numbers were also listed in plaintiff's address book

confiscated by defendant Robert D. Clauss. This address book also contained a packet of small papers which have various address both legal and person that have no bearing in any investigation or alleged investigation the Defendants or any other agency of the Commonwealth. Plaintiff has been totally unable to write to any of his friends or the various legal agencies/attorneys he has the addresses for in the confiscated address book.

## LEGAL ARGUMENT

21. Timely notice of allegations and charges is an elemental aspect of DUE PROCESS. See, e.g., MULLANE vs CENTRAL HANOVER BANK, 339 U.S. 306, 94 L. Ed. 865 70 S. Ct. 652 (1950); In RE GAULT 387, U.S. 1, 33, 18, L. Ed. 2d 527, 87 S.Ct 1428 (1967); In RE RUFFALO, 390 U.S. 544, 20 L. Ed 2d 117, 88 S. Ct. 1222 (1968). Concealed proceedings in or out of court, cannot satisfy the requirements of DUE PROCESS. When a prisoner knows what is happening he can take steps, even before the appointment of consel becomes Constitutionally Mandated, to protect obvious errors and to secure the assistance of private counsel, family and friends.

22. Plaintiff has a recognized First Amendment Right, which the defendants violated by confiscating his personal paperwork, which in no way violates any of the Department of Correction Rules or Regulations.

23. Defendants have violated plaintiffs rights against excessive invasion of his privacy. Plaintiff is not a "PRISONER" by the letter of law and therefore he has distict rights over that of a prisoner and must be treated as a non-prison with rights.

## DISCUSSION

24. Defendants have confiscated Plaintiff personal property without justified cause or lawful authorization of law.

25. Defendants have violated the Plaintiff state and federal rights Freedom of Speech, Freedom of invasion of privacy, and Due Process as well as CMRs involving Inmate Property and Investigation Policy.

26. Defendants are under the assumption that they do not have to obey the federal and state laws or the civil rights of the plaintiff and that even if they do so the plaintiff will never get justice due to the long excessive backlog in the courts.

27. Defendants are all in the field of corrections. The Plaintiff by letter of law is a patient in a hospital (Treatment Center) for the sexually dangerous. Plaintiff is subjected to illegal investigations and confiscations of his personal papers, photos, and even his funds on the whims of the noted defendants and other Department of Correction officials which law suits have and or are being filed.

28. Plaintiff, by letter of law, is not defined as a "prisoner" yet he is forced to be governed by Rules and Regulations clearly designed by MGL for "Prisoners" of the Commonwealth. However, the Department of Corrections officials at the Treatment Center somehow believe they are individually and collectively above suck Rules and Regulations. PAYNE vs BLOCK, 714 F2d 1510 (11th Cir. 1984). "Plaintiff has the right to expect prison officials to follow its own rules and regulations."

## CONCLUSSION

29. Defendants, all part of the corrections field, clearly have a basic working knowledge of the law and civil rights involving the

residents of this facility - MA. Treatment Center - which according to much debated arguments within the courts of the Commonwealth, is not a "PRISON. It would be reasonable to conclude that since the defendants have a great deal of investigations going on at any given time they would be well aware of the laws and their own policies and would not step across such legal boundaries to violate the Plaintiff's lawful rights as they clearly have done as described in this complaint, and numerous other law suits filed by this Plaintiff against Department of Correction officials. Defendants clearly have a varying degree of culpability.

30. In their tunnel-visioned efforts to gather material to get the plaintiff civilly committed as a sexually dangerous person the named defendants and other officials of the Treatment Center routinely violate laws of the Commonwealth and the Ammendment of the U.S.A..

31. Whatever the Plaintiff's official status in the eyes of the law he is entitled to the protection of the Massachusetts Bill of Rights and the U.S.A. Constitution.

32. At all times of the complaint the defendants were acting under color of law and should have considered my rights foremost.

33. It is commonplace for higher ranking officials in the Department of Correction to cover up aor otherwise excuse the actions of lower ranking or fellow officials, even at the expense of an innocent patient/prisoner, including this plaintiff. It is virtually impossible for the Plaintiff to obtain any administrative remedies.

## JURISDICTION

34. This Court has jurisdiction of this case pursuant to 42 USCA 1983, and the Constitution of the United States, et. seq.

CLAIMS FOR RELIEF

35. The actions of the defendants violated the PLaintiff's Due Process Rights as established by 103-CMR-403 et. seq., which are the Property Regulations of the Commonwealth's Department of Correction, and the Regulations for Investigations (Plaintiff is unable at this time to cite the number of this Regulation). These regulations are promulgated pursuant to the State Administrative Procedure Act and have the force of law.

36. The actions of the defendants violated the plaintiff Due Process Rights as guaranteed by the Massachusetts Declaration of Rights.

37. The actions of the defendants violated the plaintiff's Due Process Rights as guaranteed by the United States Constitution.

38. The actions of the defendants violated the plaintiffs Freedom of Speech Rights as guaranteed by the Massachusetts Declaration of Rights.

39. The actions of the defendants violated the plaintiff's Freedom of Speech Rights as guaranteed by the United States Constitution.

40. The actions of the defendants violated the Plaintiff's rights against excessive invasion of privacy as guaranteed by the Massachusetts Declaration of Rights.

41. The actions of the defendants violated the Plaintiff Rights againsts excessive invasion of privacy as guaranteed by the United States Constitution.

42. The actions of the defendants, who are state officials acting under color of law, violated 42 USCA §1983.

PRAYERS FOR RELIEF

43. WHEREFORE, Plaintiff requests this Honorable Court:

44. Declare that the actions of the defendants violated the laws of the Commonwealth of Massachusetts; the Massachusetts Declaration of Rights; and, the United States of America's Constitution.

45. Enjoin defendants to expunge the above related materials and all records created by said confiscated materials from Plaintiff's official and unofficial records and return said property to Plaintiff.

46. Grant monetary damages to Plaintiff.

47. Grant punitive damages to PLaintiff.

48. Grant damages to Plaintiff pursuant to 42 USCA §19983.

49. Grant Plaintiff all cost of this action and reasonable attorney fees as a pro se litigant.

50. Grant such other and further relief as this Honorable Court deems just and proper.


Dated: June 15, 2005

Respectfully Submitted,

Joseph Peter Schmitt, pro se
MA. Treatment Cenetr
30 Administration Road
Bridgewater, Massachusetts
02324-3230




## The Commonwealth of Massachusetts
## Executive Office of Public Safety

### Department of Correction
### Massachusetts Treatment Center
### 30 Administration Road
### Bridgewater, Massachusetts  02324-3230

Tel: (508) 279-8100   Fax: (508) 279-8105

www.mass.gov/doc

Mitt Romney
*Governor*

Kerry Healey
*Lieutenant Governor*

Edward A. Flynn
*Secretary*

Kathleen M. Dennehy
*Commissioner*

James Bender
*Deputy Commissioner*

Robert Murphy
*Superintendent*

**To:**    Joseph Schmitt M81137

**From:** Robert D. Clauss, IPS Officer

**Date:** May 20, 2005

**Re:**    **Confiscated property**

On Wednesday, May 18, 2005, Officer Robert D. Clauss, IPS, searched through the contents of your property. There were numerous items of yours that were confiscated and will be retained in the IPS office pending investigation.

```
            Joseph P. Schmitt
           30 Administration Road
         Bridgewater, Massachusetts
                02324-3230
```

Robert Murphy
Mass Treatment Center
30 Administration Road
Bridgewater, Ma. 02324-3230

May 27, 2005

Dear Mr. Robert Murphy:

    On or about May 21, 2005 I received a notice from Robert D. Clauss, IPS Officer that numerous items of my personal property has been confiscated and will be retained in the IPS Office pending investigation.
    I am officially and formally requesting an itemized list of my property which has been confiscated. This matter is a criminal related issue and I have been read my rights. I am entitled the DUE PROCESS of itemized notification when personal property is in facts confiscated.
    If you deny my request please state the rules and regulations or the MGL that you are basing this authorization upon so as I may take the correct steps necessary to appeal such a decision, and protect my Due Process Rights.
    Your prompt written response is requested.

Respectfully,

*[signature]*

CC: Attorney Christopher P. LoConto,
    JPS FILE

## MASSACHUSETTS TREATMENT CENTER

June 1, 2005

Massachusetts Treatment Center
Joseph Schmitt (M81137)
30 Administration Road
Bridgewater, MA  02324

RE:   Confiscated Items

Your letter to Superintendent Robert Murphy dated May 27, 2005, regarding your request for a list of items confiscated from your personal property, has been referred to me for response

Following a review, I have found that the items in which were confiscated are being held in the IPS Office as evidence pending an investigation.

Based on the evidence being held as part of an on-going investigation, your request for a list of items confiscated is denied. Upon completion of the investigation, you will be notified.

I trust this addresses your concerns.

Sincerely,

Robert J. Waitkevich, Deputy Superintendent of Operations

RJW/jai

Cc:   Robert Murphy, Superintendent

G:\USR\JAIN GARGIOLA\WORD\Deputy Bob\Schmitt - Confiscated Items.doc

TO: Director of Security

FR: Joseph P. Schmitt, M-81137

DA: May 30, 2005

RE: Confiscated Personal Property


Dear D.O.S.:

Officer Robert Clauss confiscated my 2004 1099 Form/1040 Tax Form during his search of my personal property. There is absolutely no reason for these documents to have been taken from my property. In fact, when I submitted them to the library to be photo copied they were withheld from me for several days and then returned to me. Deputy Superintendent Joseph Murphy is aware of this and I must ask that these documents be returned to me without delay as they are not in any way what-so-ever a violation of any rule or regulation of this facility.

I thank you for your time in this matter and do request a written reply to my request as stated above.


                                        Sincerely Yours,

                                        **Joseph P. Schmitt**



CC; Attorney Christopher P. LoConto
    JPS FILE

TO: Robert Murphy, Superintendent

FR: Joseph P. Schmitt, M-81137

DA: June 4, 2005

RE: Confiscated Items


I wrote to you and requested and itemized listing of the personal property which was confiscated by IPS. You referred it to the deputy superintendent, who responded to my letter, but in doing so failed to respond as requested. Therefore, I am again writing to you and request a response from you as the top official of this facility. I specifically request that you review my May 27, 2005 letter and respond to each and every question presented. I further request that you do not violate my DUE PROCESS RIGHTS by referring this matter to a lower ranked Public Employee of the Ma. Dept. of Correction who simply violated my DUE PROCESS by offering nothing more than lip service for a response.


                                        Respectfully,


Cc; Kathleen M. Dennehy, Commissioner
    Timothy Hall, Assist. Deputy Commissioner
    Christopher P. LoConto, Attorney
    JPS.
    Edward A. Flynn, Sec. of Pub. Safty




**EXHIBIT "F"**

# The Commonwealth of Massachusetts
## Executive Office of Public Safety
### Department of Correction
### Massachusetts Treatment Center
### 30 Administration Road
### Bridgewater, Massachusetts 02324-3230

Tel: (508) 279-8100   Fax: (508) 279-8105
www.mass.gov/doc

Mitt Romney
*Governor*

Kerry Healey
*Lieutenant Governor*

Edward A. Flynn
*Secretary*

Kathleen M. Dennehy
*Commissioner*

James Bender
*Deputy Commissioner*

Robert Murphy
*Superintendent*

---

June 7, 2005

Joseph Schmitt, M81137
Massachusetts Treatment Center
30 Administration Road
Bridgewater, MA 02324

Dear Mr. Schmitt:

I have received your letter dated June 4, 2005. In your letter you requested that I review your May 27, 2005 letter and respond to each and every question presented.

Please be advised that Deputy Waitkevich has responded appropriately to your letter dated May 27, 2005. No further action is required at this time.

Sincerely,

Robert Murphy
Superintendent

RM/jd

CC:   Robert Waitkevich, Deputy Superintendent
      File

The following is a list of all who have filed a bogus tax return.

Those who have a "*" before their name have had a "POWER OF ATTORNEY" notorized at this library.

All those who used the address of Shandon Road/Belmont Street were beat out of all the money. The money was picked up by outsiders and sent to named black gang bangers in this facility.

Chavez, Laflin, Souliotis and Langlois have no knowledge that tax returns were filed under their name.

Laflin was ripped off by family of Steven Price at the Marion Ave address.

The list hereafter will show the year of the tax return, the amount of the return and the date it was mailed out of this facility to an outsider to be mailed to the IRS in either Texas or Andover MA. Also shown is the address used on the tax form 1040EZ. Some do not have this info as I do not have certain personal property in which this information is documented.

Please understand this fact very clearly. I was intimidated into helping certain gang bangers in this facility with this scam. I was forced with pure peer pressure/gang banger intimidation to push this scam to the limits. I am forced to place my safty into the hands of the DOC Officials whom I have a learned mistrust towards. I hope my efforts to correct this wrong have not been misplaced....

Sincerely,


Mr. Joseph P. Schmitt
30 Admin Rd.
Bridgewater, MA 02324

Cc: Attorney Christopher P. LoConto,
    JPS FILE.

Andrew J. Herbert SS#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  2002 1,727.00/2003 1,744.00
October 4,2004

Carl L. Laflin  SS#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  2002 1,727.00/2003 1,744.00
September 27,2004     Marion Ave

Steven A. Price SS#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  2002 1,727.00/2003  1,744.00
June 18,2004/September 27,2004   Thornbridge/Marion Ave

* Joseph H. Gross   SS#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  2002 1,727.00/2003 1,744.00
  June 18,2004                    Shandon Road

* Jesse A. Pallazzo SS#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  2002 1,727.00/2003 1,744.00
  June 18,2004                    Shandon Road

* Jamal T. Verdigo  SS#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   2002  1,727.00/2003 1,744.00
  June 18,2004                    Shandon Road

* Francis Mazza   SS#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   2002 1,727.00/2003 1,744.00
  June 21,2004                    Shandon Road

* Daniel E. Parra Sr.  SS#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  2002 1,727.00/2003 1,744.00
  June 21,2004                    Shandon Road

  Richard N. Tirrell Jr. SS#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  2002 1,727.00/2003 1,744.00
  June 21,2004                    Federal Street

* Verlion H. Jenkins SS#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  2002 1,727.00/2003 1,744.00
  July 5, 2004                    Shandon Road

* William W. Snow SS#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   2002  1,727.00/2003 1,744.00
  July 7,2004                     Shandon Road

  Thomas C. LeMay   SS#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  2002 1,727.00/2003 1,744.00
  July 5,2004                     Bear Road

  Marcial D. Rosado SS#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  2002 1,640.00
  October 12,2004

  Paul S. Steadman  SS#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   2002 1,727.00/2003 1,744.00
  October 8,2004

  Richard L. Dozier  SS#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   2002 1,727.00/2003 1,744.00
  February 1,2005              46 Oakside Ave

  Joseph T. Chavez  SS#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   2003 1,744.00
  February 17,2005             40 Belmont Street #1006

* Steven E. Boucher  SS#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   2003 1,744.00
  February 17,2005             40 Belmont Street #1006

  Louis F. Souliotis  SS#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    2003 1,744.00
  FEbruary 17,2005             40 Belmont Street #1006

```
Paul R. Langlois   SS#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   2003  1,744.00
February 17,2005                    40 Belmont Street #1006

Michael H. Cote SS#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   2002 1,727.00/2003 1,744.00
October 4,2004
```

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Joseph Peter Schmitt, pro se
30 Administration Road
Bridgewater, Ma. 02324-3230

## DEFENDANTS
Robert D. Clauss
30 Administration Road
Bridgewater, Ma. 02324-3230

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Plymouth
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Pro se

ATTORNEYS: 05-11603 NG
Philip W. Silva, Esq.
20 Administration Road
Bridgewater, Ma. 02324-3230

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury — Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / PERSONAL PROPERTY | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | LABOR | SOCIAL SECURITY | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| | | | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | PRISONER PETITIONS | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | FEDERAL TAX SUITS | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / HABEAS CORPUS: | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | | [ ] 890 Other Statutory Actions |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare / [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS — Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [X] 440 Other Civil Rights / [ ] 540 Mandamus & Other | | | |
| | / [ ] 550 Civil Rights | | | |
| | / [ ] 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
42 USCA 1983 Plaintiff brings this action alleging Due Process violations and other applicable civil right violations.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
[ ] UNDER F.R.C.P. 23

DEMAND $ 20,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 6/15/05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Joseph Peter Schmitt vs Robert D. Clauss

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240,
             315, 320, 330, 340, 345, 350, 355, 360, 362,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

   05-11603 NG

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   Schmitt vs Ma. Dept of Correction   05-10573-GAO

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES ___   NO _X_

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES ___   NO _X_

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES ___   NO _X_

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES ___   NO _X_

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES _X_   NO ___

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      EASTERN DIVISION _X_   CENTRAL DIVISION ___   WESTERN DIVISION ___

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION ___   CENTRAL DIVISION ___   WESTERN DIVISION ___

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Joseph P. Schmitt
ADDRESS   30 Administration Road, Bridgewater Ma. 02324-3230
TELEPHONE NO. ___

(Cover sheet local.wpd - 11/27/00)