UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Joseph Peter Schmitt, pro se
    Plaintiff,

-vs-

Robert Murphy, et al.,
    Defendants,

AND

Joseph Peter Schmitt, pro se
    Plaintiff,

-vs-

Robert D. Clauss, et al.,
    Defendants.

CIVL DOCKET ACTION NOS.
05-11348-NG
05-11603-NG

FILED
IN CLERKS OFFICE
2006 MAY -5  A 11: 34
U.S. DISTRICT COURT
DISTRICT OF MASS

MOTION FOR RECONSIDERATION DO TO CLERKS ERROR

    Now comes the pro se plaintiff and moves for reconsideration on his motions for reconsideration of his motions to proceed in forma pauperis, and further reconsideration of the courts ruling to dismiss both actions.

    As grounds plaintiff states the following.

1.   With regards to action 05-11348 the court clerk is in total error for using a bogus name for the plaintiff's mailings. Instead of Joseph Peter Schmitt the Clerk has erroneously used John Peter Schmitt and therefore this plaintiff never received certain mail from said clerk as it was undeliverable under the erroneous name.

2.   Because of this clerk's error plaintiff can not file any appeal as time limits have expired. Therefore he must move this court for reconsideration of it unjustified dismissal of the above actions because plaintiff has not received certain mail from this court in which he would surely have appealed within proper time limits if he had received such decisions from the clerk of court.

3.   Plaintiff has notified this courts clerk as to the erroneous name of John Peter Schmitt and this clerk of court failed to correct the problem and as a direct result this plaintiff's action has been dismissed.

4.   Plaintiff has many cases before the honorable judge Rya W. Zobel and each and every motion file to proceed in forma pauperis has been granted because the plaintiff is in fact indigent and can in no way afford such demand fees as this court has odered. This court's order has the direct effect of depriving plaintiff's guaranteed right to access the courts and prosecute those who have violated his rights.

5.   With all do respect plaintiff is dumbfounded that two USDC judges presented with the exact information can make two opposing decisions regarding forma pauperis status.

6.   Plaintiff very clearly explained his case with his motions for reconsideration. Plaintiff had absolutely no income or access to any funds at the time he filed the above actions. See plaintiff's motion for reconsider in both above actions.

7.   Plaintiff has had these actions before this court a very long time awaiting justice, only to be denied justice because he is poor and is not capabale of paying a filing fee which in other USDC actions and even two state level actions have been waived without delay and each case has been allowed to move forward to allow plaintiff the right to seek justice through legal action.

8.   This court has also erred by treating this plaintiff as a prisoner. See courts order on plaintiff's motions to proceed in forma pauperis. Plaintiff is not a prisoner by letter of law.

9.   Plaintiff has attempted to clearify his financial statements to this court. His income is not what it appears to be due to the institutions habbit of reporting as income canceled checks, returned checks or other funds that were originally sent out from plaintiff's account and not a true income.

10.  Simply because the plaintiff spent a lot of money prior to having to file a civil action has no bearing on his inability to pay the required fee of $250.00 per case.

WHEREFORE, plaintiff requests that this court reconsider its denial of plaintiff original motions for reconsider regarding forma pauperis status, and further to reconsider its ruling to dismiss the above actions for reasons stated above.

Dated: May 2,2006

Respectfully filed,

*[signature]*

Joseph Peter Schmitt, pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

CC: Chief Justice Boudin
    Florance Pagano, Assis. Circuit Exec.
    JPS Files